JOHNSON v. BUCKNER.

4-8003                                    197 S. W. 2d 465

Opinion delivered November 25, 1946.

754

*Rowell, Rowell & Dickey,* for appellant.

*Hooker & Hooker,* for appellee.

McHANEY, Justice. The title to lot 19 in block 59, Packingtown Addition to Pine Bluff, Arkansas, is here involved. At the time of her death in 1936, intestate, Lula Cooper, owned said lot. Appellants who are the only heirs at law of Lula Cooper inherited it from her. Said lot was forfeited and sold to the State in 1934 for the 1933 taxes, and was purchased from the State on December 22, 1937, by Pearl Johnson Cobb and a deed from the State was issued to her on said date. Pearl Johnson Cobb was a sister of appellants, Thomas Johnson and Freddie Johnson Jones, who owned said lot by inheritance from their mother, Lula Cooper, as tenants in common, but in 1940, Pearl J. Cobb died intestate and without issue, and only appellants survived her as her heirs at law. The lot again forfeited and was sold to the State in 1938 for the 1937 taxes, and on January 22, 1941, the State sold and conveyed same to appellee Buckner, and thereafter on April 14, 1941, the State confirmed its title thereto by proceeding in the Jefferson Chancery Court.

This action was begun in the chancery court. The complaint alleged that the forfeiture and sale to the State and the deed of the State to Buckner were void because of an alleged 10 cent overcharge of costs included in the amount for which the sale was made and that the notice of sale was not published as required by

law, and it was prayed that the forfeiture and sale to the State and its deed to Buckner be canceled, and all his title be divested out of Buckner and vested in them, and for immediate possession.

On the motion of appellees the cause was transferred to the circuit court where it proceeded as one in ejectment. Appellees answered with a general denial and alleged the matters aforesaid and especially the confirmation decree and the provisions of Act 119 of 1935 on which it was based, as a bar to this action. They also set out a prior judgment in ejectment of the circuit court for the possession of said lot in which appellee Buckner was plaintiff and appellant, Thomas Johnson, was defendant, in bar of the latter's cause of action in this case. Trial before the Court sitting as a jury resulted in a judgment of dismissal of the complaint with costs and in the vesting of the title to said lot in appellees. This appeal followed.

Only one question is argued by appellants for a reversal of this judgment and that is that the forfeiture and sale for the 1937 taxes assessed against this property are void because the land was redeemed from the 1933 forfeiture and the redemption deed from the State was dated December 22, 1937, and was not certified by the State Land Commissioner to the County Clerk until January 6, 1938, too late for the assessor of Jefferson county to assess the lot for the 1937 taxes. It is pointed out that, under § 8618 of Pope's Digest, the Commissioner of State Land is required each year, "at least thirty days prior to the time fixed by law for the annual assessment of personal property," to certify to the County Clerks a list of the lands in the respective counties that the State has sold or otherwise parted with its title to the end that said lands will get back on the tax books. And it is argued that, by § 13683 of the Digest, the assessors are required to assess personal property "annually between the first Monday in January and third Monday in August," and since the certificate of the Commissioner was not filed until January 6, 1938, it was less than thirty days before

the first Monday in January and that no assessment could be made on said lot for the year 1937. We think appellants' contention in this matter is unsound. The last clause in said § 8618 provides: ". . . the assessors shall assess such lands for taxation, and the same shall be taxed, beginning with the year certified by the Commissioner of State Lands—as having been disposed of by the State." It is stipulated that the land was "disposed of by the State" on December 22, 1937, and under the plain and mandatory provision of the statute the assessor was required to assess the lot for 1937 taxes. See *Tedford* v. *Vaulx*, 183 Ark. 240, 25 S. W. 2d 346, where it was held that land purchased from the State became subject to taxation when the State's deed was executed, not when the Commissioner certified same to the County Clerk.

The judgment is correct and is, accordingly, affirmed.